IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAMIAN BARAJAS GALVAN | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 19-CV-1047 |
| | § | |
| DANIEL CHRISTOPHER | § | |
| VALENZUELA AND DUE AMICIS, | § | |
| INC., DBA GREEN LANDSCAPING | § | |
| *Defendants.* | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME PLAINTIFF, Damian Barajas Galvan, complaining of and about Daniel Christopher Valenzuela and Due Amicis, Inc., DBA Green Landscaping, hereinafter called Defendants, and for cause of action show unto the Court the following:

1. PARTIES

1.1   Plaintiff, Damian Barajas Galvan is an individual residing in Nuevo Laredo, Tamaulipas, Mexico.

1.2   Defendant, Daniel Christopher Valenzuela, an Individual who is a resident of the State of Texas. Said Defendant may be served with process at his home at the following address: 1420 San Jose Street, Alice, Texas 78332. Service of said Defendant as described above can be effected by personal delivery.

1.3   Defendant, Due Amicis, Inc., DBA Green Landscaping, is a Domestic Company stationed in Texas and is organized under the laws of the State of Texas.  Service of process on the

Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Rob Green, 13110 Brook Garden Lane, San Antonio, Texas 78232, its registered office. Service of said Defendant as described above can be effected by certified mail.

## 2. JURISDICTION AND VENUE

2.1     This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Western District of Texas.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3. FACTUAL BACKGROUND

### The Collision

3.1     This lawsuit concerns a motor vehicle collision that occurred on September 26, 2017. The collision occurred between a 2000 Ford Focus which was driven by Plaintiff, Damian Barajas Galvan and a 2011 Dodge Ram 2500 which was driven by Daniel Christopher Valenzuela, under the authority and control of Defendant, Due Amicis, Inc., DBA Green Landscaping. At the time of the collision, Plaintiff, Damian Barajas Galvan was towing a 2006 Acura RSX.

3.2     The vehicular collision occurred on a Tuesday afternoon at the 22400 block of IH35 S., within the city limits of Schertz, Texas.  With respect to the area where the collision occurred, IH 35 S., of consists of three southbound lanes.

3.3     Prior to the collision, Plaintiff, Damian Barajas Galvan was traveling southbound on the 22400 block of IH35 S., in the center lane.  At the same time, Defendant, Daniel Christopher Valenzuela, was traveling in the far-left lane, at said location. The incident ensued when Mr. Valenzuela, suddenly and unexpectedly, changed lanes when unsafe. Mr. Valenzuela collided with Mr. Barajas Galvan. The impact caused both vehicles to leave the highway and crash through a fenced property.

3.4     The following is a sketch excerpted from the official police report, which was investigated by Officer Mario Hernandez, Badge No. 1175, of the Schertz Police Department:



THE INJURIES

3.5     Damian Barajas Galvan suffered physical and emotional injuries as a result of this collision.  Including, but not limited to, cervical and left shoulder sprains/strains, multiple disc bulges to his neck. Mr. Barajas Galvan has undergone physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. In all

probability, Mr. Barajas Galvan will continue to incur medical expenses to alleviate his pain. Mr. Barajas Galvan was healthy prior to this collision.

### THE EMPLOYMENT RELATIONSHIP BETWEEN THE DEFENDANT AND THE RESULTING VICARIOUS LIABILITY

3.6     At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Daniel Christopher Valenzuela was an employee of Due Amicis, Inc., DBA Green Landscaping, who was acting within the course and scope of his employment. In this regard, Daniel Christopher Valenzuela was an employee insofar as the master-servant relationship under common law is concerned.

3.7     Alternatively, and at all relevant times herein, Daniel Christopher Valenzuela was a "statutory employee" under the statutory employee doctrine. In this regard, an intrastate motor carrier (such as Due Amicis, Inc., DBA Green Landscaping) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, Defendant, Due Amicis, Inc., DBA Green Landscaping, had exclusive control of the tractor trailer which Daniel Christopher Valenzuela was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000). As a result, Due Amicis, Inc., DBA Green Landscaping, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Daniel Christopher Valenzuela.

3.8     Alternatively, Due Amicis, Inc., DBA Green Landscaping, are vicariously liable with respect to all negligence of Daniel Christopher Valenzuela under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 4. CAUSE OF ACTION AGAINST DEFENDANT
### NEGLIGENCE OF DANIEL CHRISTOPHER VALENZUELA & *RESPONDEAT SUPERIOR*

4.1     Plaintiff claims against Defendants is brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 et seq.  Defendant, Due Amicis, Inc., DBA Green Landscaping is the responsible party defendant for the actions of its employee, Daniel Christopher Valenzuela, acting within the course and scope of his employment. 28 U.S.C. §2679.

4.2.    Under the doctrine of *respondeat superior*, Defendant, Due Amicis, Inc., DBA Green Landscaping is vicariously liable for the actions of its employee, Daniel Christopher Valenzuela, while in the course and scope of his employment.  The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, Due Amicis, Inc., DBA Green Landscaping's employee in one or more of the following particulars:

   4.2.1    In that Daniel Christopher Valenzuela, failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   4.2.2    In placing Plaintiff in a position of peril due to Daniel Christopher Valenzuela's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

   4.2.3    In that Daniel Christopher Valenzuela, failed to safely change lanes as would have been done by an ordinary prudent person of the same

age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances;

4.2.4   In that Daniel Christopher Valenzuela, failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Daniel Christopher Valenzuela's, motor vehicle which would permit Daniel Christopher Valenzuela, to safely change lanes without colliding into Plaintiff's motor vehicle;

4.2.5   In that Daniel Christopher Valenzuela, was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4.2.6   In that Daniel Christopher Valenzuela, failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.7   In that Daniel Christopher Valenzuela, failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

4.2.8   In that Daniel Christopher Valenzuela, failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.9   In failing to exercise reasonable care to protect the safety of others who are using the roadways;

4.2.10  In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.11  In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision;

4.2.12  In that Daniel Christopher Valenzuela, was negligent by failing to operate a commercial vehicle of this type in a reasonably prudent or responsible manner; and/or

        4.2.13        A person may not operate a motor vehicle on a highway in this state unless the person holds a driver's license in violation of §521.021 of the Texas Transportation Code

4.3       Plaintiff's injuries were proximately caused by Daniel Christopher Valenzuela's, negligent, careless and reckless disregard of said duty.

## 5. Cause of Action Against Defendant
### Negligence of Due Amicis, Inc., DBA Green Landscaping

5.1       On September 26, 2017, Defendant, Due Amicis, Inc., DBA Green Landscaping was the owner of the tractor trailer driven by Daniel Christopher Valenzuela. Defendant, Due Amicis, Inc., DBA Green Landscaping, <u>negligently entrusted</u> the vehicle to Daniel Christopher Valenzuela, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that Daniel Christopher Valenzuela, was a reckless and incompetent driver.

5.2       Furthermore, and alternatively, Due Amicis, Inc., DBA Green Landscaping, owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently <u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, Daniel Christopher Valenzuela, consisting of, but not limited to the following:

        5.2.1    In failing to exercise ordinary care in implementing adequate training procedures for drivers;

        5.2.2    In failing to exercise ordinary care in implementing adequate continued education for all drivers;

        5.2.3    In failing to exercise ordinary care in implementing adequate supervision procedures;

  5.2.4 In failing to adequately screen Daniel Christopher Valenzuela's driving record prior to hiring him; and/or

  5.2.5 In failing to exercise ordinary care in determining whether Daniel Christopher Valenzuela, was competent enough to be hired.

 5.3 Each of the aforementioned negligent acts or omissions of the Defendant, Due Amicis, Inc., DBA Green Landscaping constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

### 6. VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

 6.1 In addition to duties which Daniel Christopher Valenzuela, and Due Amicis, Inc., DBA Green Landscaping owed the motoring public, including Plaintiff, under the common law of this state, Defendant owed duties under and were governed by, at all relevant times, the FMCSR. According to the FMCSR, Due Amicis, Inc., DBA Green Landscaping, were considered a motor carrier or operator of the commercial motor vehicle which Daniel Christopher Valenzuela, was driving at the time of this incident. With respect to the provisions of the FMCSR which were violated by Daniel Christopher Valenzuela, and Due Amicis, Inc., DBA Green Landscaping, are deemed to have violated such provisions as well, as a result of the application of the FMCSR.

### 7. DAMAGES FOR DAMIAN BARAJAS GALVAN

 7.1 As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Damian Barajas Galvan sustained personal injuries in the form of disc bulges and herniations to her lower back which have resulted in losses and damages recoverable by law. The back herniations require surgical intervention to correct the continuing pain and lasting effects.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    7.3.1   Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Damian Barajas Galvan for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

    7.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    7.3.3   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

    7.3.4   The damages resulting from mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

      7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

          7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

          7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

          7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and

          7.4.4    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8. PRE/POST JUDGMENT INTEREST

      8.1    To the extent provided by law, Plaintiff further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Damian Barajas Galvan, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Daniel Torres*
Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645
Attorney-in-charge
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877